[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15393
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21766-JLK

ALBERTO DOMINGUEZ,

Plaintiff - Appellee,

versus

CITY OF SWEETWATER,
a political subdivision of the State of Florida, et al.,

Defendants,

PAUL ABREU,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 27, 2015)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

This is a police officer's interlocutory appeal of the district court's denial of his motion for summary judgment in a civil rights action under 42 U.S.C. § 1983. Paul Abreu, a police officer for the City of Sweetwater, Florida, argues that he was entitled to qualified immunity from plaintiff Alberto Dominguez's excessive force claim because, according to Officer Abreu, video evidence showed incontrovertibly that Mr. Dominguez was behaving in a threatening manner toward him before he forcibly maneuvered Mr. Dominguez to the floor inside the Sweetwater police station. After reviewing this video evidence, however, we agree with the district court that a genuine dispute of material fact exists over whether Mr. Dominguez resisted or threatened Officer Abreu in any way.

"We have repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) (citing cases dating back to 2000). Because the facts as construed in Mr. Dominguez's favor establish that he was handcuffed and compliant,[1] there is, consequently, a triable

---

[1] "We review *de novo* the district court's disposition of a summary judgment motion based on qualified immunity, resolving all issues of material fact in favor of [the plaintiff] and then answering the legal question of whether [the defendant is] entitled to qualified immunity under

issue whether Officer Abreu's aggressive takedown action was "gratuitous and constitutionally excessive." *Id.* at 1270.

Officer Abreu's argument that he used only *de minimis* force has no merit. Although the use of *de minimis* force during a valid seizure cannot give rise to an excessive force claim, *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000), Officer Abreu cannot cite to any authority suggesting that the level of force he used was *de minimis* in the context of a compliant suspect who is securely in custody. At best, the line of authority to which he cites approves of only a minor push or shove in such circumstances. *See, e.g.*, *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559-60 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994); *see also Mobley v. Palm Beach Cnty. Sheriff Dep't*, 783 F.3d 1347, 1356 (11th Cir. 2015) (per curiam) ("Our decisions demonstrate that the point at which a suspect is handcuffed and poses no risk of danger to the officer often is the pivotal point for excessive-force claims." (alteration and internal quotation marks omitted)). Our case law does not support extending qualified immunity where the level of force used against a secured, compliant suspect was analogous to the aggressive takedown that occurred here. Thus, we affirm the district court's order denying Officer Abreu's motion for summary judgment, *Dominguez v. City of Sweetwater*,

---

that version of the facts." *Case v. Eslinger*, 555 F.3d 1317, 1324-25 (11th Cir. 2009) (internal quotation marks omitted).

No. 13-CV-21766, 2014 WL 5529646 (S.D. Fla. Oct. 31, 2014), for the reasons articulated in the order.

**AFFIRMED.**